# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00783-CV

---

**Divonne Soler, Appellant**

**v.**

**David Tisminezky Sukerman, Appellee**

---

### FROM THE 480TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 23-2592-C480, THE HONORABLE TERENCE M. DAVIS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This accelerated interlocutory appeal challenges the trial court's denial of Appellant Divonne Soler's Texas Citizens Participation Act (TCPA) motion to dismiss Appellee David Tisminezky Sukerman's (Tisminezky's) suit against her and others concerning money he loaned to an Austin-based preschool. Because Soler failed to adhere to the TCPA's statutory deadlines for filing her motion to dismiss, we affirm.

## LEGAL STANDARD

The TCPA "protects speech on matters of public concern by authorizing courts to conduct an early and expedited review of the legal merit of claims that seek to stifle speech through the imposition of civil liability and damages." *Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023). Courts review a motion to dismiss under the TCPA using a three-step process. *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). The movant bears

the first burden of proving that the challenged legal action is subject to the TCPA, and, if she is successful, then the nonmovant must present clear and specific evidence establishing a prima facie case for each essential element of his challenged claims. *Szymonek v. Guzman*, 641 S.W.3d 553, 564 (Tex. App.—Austin 2022, pet. denied). If the nonmovant meets that burden, the court must still grant the motion if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code § 27.005(d).

We review de novo the trial court's application of the TCPA. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). We review the pleadings and evidence in the light most favorable to the nonmovant. *O'Rourke v. Warren*, 673 S.W.3d 671, 680 (Tex. App.—Austin 2023, pet. denied).

## DISCUSSION

In one issue on appeal, Soler argues that the trial court erred by denying her motion to dismiss. Because it is dispositive, we first address her sub-issue that she timely filed both her original and amended TCPA motions to dismiss.

"[T]he TCPA dictates compliance with the time periods in mandatory terms at each step." *Morin v. Law Office of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at *3 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.); *see Venero v. Lozada*, No. 07-23-00022-CV, 2023 WL 4831611, at *2 (Tex. App.—Amarillo July 27, 2023, pet. denied) (mem. op.) ("The deadlines for filing and setting a hearing on a motion to dismiss under the TCPA are mandatory."). Unless the parties agree to extend the deadline or the trial court extends the

deadline on a showing of good cause, a TCPA movant must file her motion to dismiss within sixty days after service of the complained-of legal action. Tex. Civ. Prac. & Rem. Code § 27.003(b).

The record reflects that Soler was served with Tisminezky's original petition on December 9, 2023. However, she did not file her motion to dismiss under the TCPA until May 31, 2024. After Tisminezky amended his petition on October 22, Soler filed an amended motion to dismiss under the TCPA on October 28.[1]

Soler contends that her original TCPA motion to dismiss was timely filed because she first contested jurisdiction by filing a special appearance—that is, she waited to file her TCPA motion until after the trial court denied her special appearance. *See* Tex. R. Civ. P. 120a. Soler maintains that filing a special appearance was a requisite "procedural step" that "needed to be resolved before substantive motions, including a Motion to Dismiss under the TCPA[.]"

While "[a] nonresident defendant contesting personal jurisdiction under Rule 120a must carefully comply with the Rule's terms in order to avoid entering a general appearance and, consequently, waiving the jurisdictional challenge," Rule 120a "contains what is known as the due-order-of-hearing requirement." *Wakefield v. British Med. J. Publ'g Grp., Ltd.*, 449 S.W.3d 172, 179 (Tex. App.—Austin 2014, no pet.). Under that requirement, the nonresident defendant challenging personal jurisdiction "may file other motions subsequent to a special appearance without entering a general appearance, so long as the defendant does not set and argue the motions before the special appearance is determined." *Id.* That includes a TCPA motion to dismiss. *See id.* at 180; Tex. Civ. Prac. & Rem. Code § 27.011(a) ("This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory,

---

[1] Soler also filed a second and third amended motion to dismiss under the TCPA on November 4 and 22, respectively, though not in response to any amended pleading.

case, or common law or rule provisions."). Thus, filing a special appearance does not preclude the defendant from filing a TCPA motion to preserve her rights under that statute, and the TCPA's statutory sixty-day deadline is triggered by service of the legal action without regard to the trial court's jurisdiction over the defendant. *Venero*, 2023 WL 4831611, at *2 (citing *In re Oak Creek Invs., LLC*, No. 05-22-00477-CV, 2023 WL 118755, at *3 (Tex. App.—Dallas Jan. 6, 2023, no pet.) (mem. op.)); *see Wakefield*, 449 S.W.3d at 180. By waiting until May 31, 2024—or 174 days after service—Soler surpassed the sixty-day statutory deadline to file her TCPA motion to dismiss and thus forfeited any protections of the TCPA that may have applied.

Nonetheless, Soler maintains that her first amended motion to dismiss under the TCPA was timely because it was filed on October 28, 2024, or within the sixty-day period following Tisminezky's first amended petition, which he filed on October 22, 2024. "[A]n amended or supplemental pleading that asserts a new claim involving different elements than a previously asserted claim also asserts a new legal action that triggers a new sixty-day period for filing a motion to dismiss *that new claim*." *Montelongo*, 622 S.W.3d at 301 (emphasis added). In other words, Tisminezky's first amended petition entitled Soler to a new sixty-day period to file a TCPA motion to dismiss the newly added claim; however, it does not revive her lapsed deadline to seek dismissal of the previously asserted claims. *See id.*

The only new claim added by Tisminezky's first amended petition was common law fraud, which, except in circumstances that are not present here, is statutorily exempted from the TCPA. *See* Tex. Civ. Prac. & Rem. Code §§ 27.010(a)(12) (noting that TCPA does not apply to "a legal action based on a common law fraud claim"); .010(b) (providing limited circumstances to which TCPA applies to otherwise exempted claims). Thus, the trial court did not err by denying

Soler's TCPA motion to dismiss Tisminezky's common law fraud claim because that claim is exempt from the TCPA. *See id.* § 27.010(a)(12).

Because Soler did not timely file her original TCPA motion to dismiss, *see id.* § 27.003(b), and because her first amended TCPA motion to dismiss applies only to a claim exempted from the TCPA, *see id.* § 27.010(a)(12), the trial court did not err by denying her motion to dismiss. We overrule Soler's sub-issue regarding the timeliness of her TCPA motions. Because our resolution of this sub-issue is dispositive of this appeal, we do not reach Soler's other sub-issues on appeal.[2] *See* Tex. R. App. P. 47.1.

## CONCLUSION

We affirm the trial court's order denying Soler's TCPA motion to dismiss.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed: June 10, 2025

---

[2] Soler's remaining sub-issues contend that (i) she demonstrated that the TCPA applies to Tisminezky's claims in his original and first amended petitions, and (ii) Tisminezky failed to establish with clear and specific evidence a prima facie case for each essential element of his claims.